Eaton v. Commonwealth.

---

CASE 2.—PROSECUTION   AGAINST   PRIOR   EATON   FOR HOUSE-BREAKING AND STEALING GOODS THERE-FROM—February 7.

## Eaton v. Commonwealth

Appeal from Pulaski Circuit Court.

M. L. JARVIS, Circuit Judge.

Defendant convicted and appeals.   Reversed.

1. Housebreaking—Joint Indictment—Evidence—Silence—Acquiescence—Competency—On the trial of E., jointly indicted with P. and J. for breaking into and stealing goods from a storehouse, evidence was admitted that on the day after the breaking of the storehouse, and while the stolen goods were being searched for, J. entered the house of E., and said in the presence of E. and

Eaton v. Commonwealth.

four or five unsuspected persons, "unless we change the goods they will find them," to which no response was made by any of the party.  Held—that this remark not being addressed to E. was incompetent evidence against E.

2. Same—Admission by acquiescence in what somebody else had said or done, should not be admitted unless it plainly appear that such act was fully known or the language fully understood by the party sought to be bound thereby.  To make such evidence admissible the circumstances must be such as afforded the party an opportunity to act or to speak, and which would properly and naturally call for some action or reply from men similarly situated.

3. Finding Money in Trunk of Joint Defendant—On the trial of E jointly indicted with P. and J. for breaking and stealing from a storehouse, evidence that on the morning after the breaking, the trunk of P. was opened and no money found, and on the following morning it was again searched and $1.25 in silver and 30 cents in coppers were found, this was incompetent, first, because it was not identified as that taken from the storehouse.  Second, the finding it in the house of P. would not tend to show that E. had taken it from the storehouse.

JOHN W. COLYAR and O. H. WADDLE attorneys for appellant.

1. While, as a general proposition, a conspiracy between a defendant on trial and another jointly indicted with him, may be establish such conspiracy, evidence relating wholly to the acts and is well established by this court, that where the evidence fails to establish such conspiracy, evidence relating wholly to the acts and conduct of one of the defendants, and affecting his guilt or innocense, is incompetent on the trial of the other as evidence of his guilt or innocence.

The acts or admissions of one of several accomplices after the commission of the crime, and not in the presence of the others or approved by them, are incompetent as evidence against the others.  (Shelby v. Commonwealth, 13 Ky. Law Rep., 178; Porter v. Commonwealth, 22 Ky. Law Rep., 1657; Pedigo v. Commonwealth, 103 Ky., 141.

VIRGIL P. SMITH, N. B. HAYS, Attorney General, and CHARLES H. MORRIS for appellee.

The only grounds on which appellant relied for a new trial in the lower court were, that the court erred in permitting testimony in reference to the conduct of Jackson and Price, who were jointly

indicted with defendant, after the commission of the offense, and not in the presence of the appellant, and the statements made by Jackson going to the jury. We can see no reason why this testimony is not competent. The appellant was tried, alone, upon his motion for severance, and the accomplices were entitled to be heard as witnesses. (Mann v. Commonwealth, 25 R. 1964.)

OPINION BY JUDGE PAYNTER—Reversing.

The appellant, Prior Eaton, Sam Price, and Mat Jackson were jointly indicted on the charge of feloniously breaking and entering the storehouse of W. H. Duggar & Son with intent to steal, and stealing, therefrom goods of the value of $275. Separate trials were awarded, and the Commonwealth elected to try the appellant first, which resulted in his conviction and sentence to the penitentiary.

The appellant lived about 10 miles from the storehouse that was broken into. On that night it seemed to have snowed some, and the next morning the tracks of four or five men were discovered leading from the storehouse to the top of a hill not far from it, where horses' tracks were discovered which led to the house of appellant. With his consent his house was searched on the morning after the storehouse was broken into, but no goods were found in it. The search was continued until the following day, when part of the goods were found about one-half of a mile from appellant's house, on the land of another. There was some other evidence tending to show the guilt of the appellant, but we will not speak of that, except such parts of it as were objected to, and a reversal is sought because of its admission. While the search was going on in the neighborhood for the goods, the appellant and four or five other persons were in a room of appellant's house. Three or four of the persons were not

suspected of having any connection with the offense, and were witnesses for the Commonwealth. While thus seated in the room, Mat Jackson entered, and in substance said that "unless we change the goods they will find them." He did not address himself to any one in particular. No one made a response. Some of the party said that the remark was made in a jocular way. The court admitted this evidence over the objection of the appellant, evidently upon the idea that his silence was an admission that he had helped hide the goods. The evidence does not show that Jackson even looked in the direction of appellant when the remark was made. The remark which he made was as much addressed to those who were not suspected, as those who were. The appellant might or might not have understood the remark. If he were innocent, and had nothing to do with the hiding of the goods, he never would have supposed that the remark was addressed to him. Admissions by acquiescence in what somebody else has said or done should not be admitted, unless it plainly appear that such act was fully known or the language fully understood by the party sought to be bound thereby. Evidence of such admissions would be very dangerous indeed, and should only be received with caution. The circumstance must also be such as afforded the party an opportunity to act or to speak, and which would properly and naturally call for some action or reply from men similarly situated.

In section 197 (15th Ed.), Vol. 1, Greenleaf on Evidence, in note "c" to that section, it is said: "The former rule of evidence that one's silence shall be construed as a virtual assent to all that is said in his presence is susceptible of great abuse, and calls for

a course of conduct which prudent and quiet men do not generally adopt. If that rule be sound to the full extent as laid down in some of the early cases, it would be in the power of any evil disposed person to always ruin his adversary's case by drawing him into a compulsory altercation in the presence of chosen listeners, who would be sure to misrepresent what he said. Nothing could be more unjust or unreasonable. Hence, in more recent cases, the rule in some States has undergone very important qualifications. The mere silence of one, when facts are asserted in his presence, is no ground for presuming his acquiescence, unless the conversation were addressed to him under such circumstances as to call for a reply. The person must be in a position to require the information, and he must ask it in good faith, and in a manner fairly entitling him to expect it, in order to justify any reference from the mere silence of the party addressed. If the occasion, or the nature of this demand, or the manner of making it, will reasonably justify silence in a discreet and prudent man, no unfavorable inference therefrom should on that account be made against the party. And whether the silence be any ground of presumption against the party will always be a question of law, unless there is conflict in the proof of the attending circumstances." We are of the opinion that this states the correct and safe rule for the determination of the question of the admissibility as evidence of admissions by silence. The court erred in admitting the statement of Jackson.

The court admitted evidence to the effect that Sam Price and Mat Jackson on the morning following the night on which the store was broken into built a fire

in an old field about one-quarter or one-half of a mile from the place where the stolen goods were found, and stood around it for a half hour. The appellant was not with them, and in no wise responsible for their act, even if on the trial of Jackson and Price for the offense with which appellant is charged it could remotely tend to show their guilt (but as to the question of its admissibility on the trial of Price and Jackson we express no opinion). The court erred in admitting this testimony.

It appears that a trunk in the house of Sam Price was searched the morning after the storehouse was broken into and no pocketbook was discovered in it. The next day it was searched again, and a pocketbook containing $1.25 in silver and about 30 cents in one-cent pieces was found. The court admitted evidence of this fact, and it erred in doing so for two reasons: (1) The money was not identified as that taken from the storehouse. (2) The finding of it in Price's house would not tend to show that the appellant had taken it from the storehouse.

The judgment is reversed for proceedings consistent with this opinion.